UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIAS TORRES RAMIREZ,

    Plaintiff,

v.

TAYLOR ALISON SWIFT, et al.,

    Defendants.

Case No. 24-cv-05974-SK

**ORDER TO SHOW CAUSE AND VACATING CASE MANAGEMENT CONFERENCE**

On August 26, 2024, Plaintiff Elias Torres Ramirez filed the instant case against Defendants Taylor Swift, Travis Michael Kelce, and "Theresa Tommasi and Val." (Dkt. No. 1.) Plaintiff alleges that he and Swift are married but that Swift is not fulfilling their "Sacred Relationship" due to infringement by Kelce and others. (*Id.* at p. 3-4.) Plaintiff seeks "getting back together immediately," control of Swift's assets, and "certain individual'(s) be put to death." (*Id.* at p. 8.)

A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Such a dismissal may even be made without notice where the plaintiff "cannot possibly win relief." *Id.* Ramirez cannot possibly win relief because his claims are "fanciful, fantastic, and delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). Plaintiff's allegations are incredible and at times incomprehensible, and he seeks relief that is plainly unavailable (e.g., forcing Swift to be in a relationship with him).

Furthermore, Plaintiff's claim appears to be barred by the doctrine of res judicata, or claim preclusion. When parties lose a case on the merits, they cannot revive it by simply filing the same complaint again. Res judicata applies when a prior action involving identical parties and identical

issues resulted in a final judgment on the merits.  *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003).  In *Ramirez v. Swift*, No. 24-cv-02728-KAW (N.D. Cal. filed May 7, 2024), Ramirez brought claims against the same four defendants.  (24-cv-02728-KAW, Dkt. No. 1.)  And just as in this action, Ramirez sought to reconcile with Swift, control over Swift's assets, and the immediate death of Kelce.  (*Id.*)  The Court dismissed Plaintiff's complaint with prejudice because the factual allegations were plainly frivolous.  (24-cv-02728-KAW, Dkt. Nos. 8-10.); *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) ("[D]ismissal with prejudice is a determination on the merits.")  Accordingly, all requirements of res judicata are satisfied.

The Court ORDERS Plaintiff to show cause, by December 2, 2024, why his case should not be dismissed for failure to state a claim.  Failure to respond to this Order by the deadline may result in the Court reassigning this case to a district judge with the recommendation that the case be dismissed for failure to state a claim.

The Court further VACATES the case management conference currently set for November 25, 2024.

**IT IS SO ORDERED**.

Dated: November 20, 2024



SALLIE KIM
United States Magistrate Judge