UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS TORRES RAMIREZ,<br><br>    Plaintiff,<br><br>        v.<br><br>TAYLOR ALISON SWIFT, et al.,<br><br>    Defendants. | Case No. 24-cv-05974-SK<br><br>**ORDER OF REASSIGNMENT WITH REPORT AND RECOMMENDATION** |

Defendants in the above captioned matter have not yet appeared and, thus, have not consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. Therefore, the Court does not have authority to make a dispositive ruling in this case and ORDERS that this case be REASSIGNED to a District Judge with the following Report and Recommendation.

Plaintiff Elias Torres Ramirez ("Plaintiff") is a frequent *pro se* litigant, who has filed 14 cases in this Court in the past two years (in addition to this one). (23-cv-03826-AMO, 23-cv-03844-CRB, 23-cv-03845-AMO, 23-cv-03847-SI, 23-cv-04559-EMC, 24-cv-02728-MMC, 23-cv-03732-JSW, 24-cv-02874-CRB, 24-cv-02969-EMC, 24-cv-02970-RFL, 24-cv-03064-MMC, 24-cv-03190-VC, 24-cv-03322-JSC, 24-cv-03023-HSG, 24-cv-03323-RS). Of those, Plaintiff has brought four cases against some combination of Taylor Alison Swift, Travis Micheal Kelce, Theresa Tommasi, and "Val," who are also the Defendants in this action. *Ramirez v. Swift*, No. 23-cv-03826-AMO (N.D. Cal. filed Jul. 31, 2023); *Ramirez v. Swift*, No. 24-cv-02728-MMC (N.D. Cal. filed May 7, 2024); *Ramirez v. Swift*, No. 24-cv-02874-CRB (N.D. Cal. filed May 13, 2024); *Ramirez v. Val et al.*, No. 24-cv-02874-CRB (N.D. Cal. filed May 16, 2024); *Ramirez v. Val et al.*, No. 24-cv-03190-VC (N.D. Cal. filed May 28, 2024); (Dkt. No. 1.) In each action, Plaintiff alleged that he is married to pop music superstar Taylor Swift, but that Swift is not fulfilling their "Sacred Relationship" due to infringement by Travis Kelce (a football player in a highly publicized relationship with Swift) and others. *See id.* Plaintiff sought "immediate

reunification" with Swift, that "certain individual'(s) [sic] be put to death," and control of Swift's assets. *See id.* All four cases were dismissed with prejudice because, among other things, the allegations were plainly frivolous. *See id.*

This action, filed on August 26, 2024, is Plaintiff's fifth such action. (Dkt. No. 1.) Plaintiff again brings claims against Swift, Kelce, Tommasi, and "Val" alleging that Plaintiff is married to Swift and requesting reunification, control of Swift's assets, and the death penalty. (*Id.* at p. 3-4, 8.)

On November 20, 2024, the Court issued an Order to Show Cause why Plaintiff's case should not be dismissed for failure to state a claim. (Dkt. No. 14.) The Court explained that Plaintiff's case is barred for two reasons. First, his claims are "fanciful, fantastic, and delusional" because his "allegations are incredible and at times incomprehensible, and he seeks relief that is plainly unavailable." (*Id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Second, because this Court has issued a final judgment on the merits in a prior action involving identical parties and claims, this action is barred by *res judicata*, or claim preclusion. (*Id.*) In the Order, the Court warned that failure to respond by December 2, 2024 could result in the Court reassigning this case to a district judge with the recommendation that the case be dismissed for failure to state a claim. (*Id.*) Plaintiff did not respond to the Court's Order.

A trial court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Clearly baseless claims, in turn, are those "that are fanciful, fantastic, and delusional." *Denton*, 504 U.S. at 32-33 (internal quotation omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Plaintiff falsely alleges that he is married to Swift, and he seeks relief that is plainly unavailable and illegal. (Dkt. No. 1, p. 3-4, 8.) It is appropriate for the Court to dismiss these baseless claims.

Further, this action is precluded by at least one of Plaintiff's prior actions. *Res judicata* applies when a prior action involving identical parties and identical issues resulted in a final

judgment on the merits. *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003). The judgment in *Ramirez v. Swift*, No. 24-cv-02728-KAW (N.D. Cal. filed May 7, 2024) satisfies all of these requirements. There, Plaintiff sued the same defendants: Swift, Kelce, Tommasi, and "Val." (24-cv-02728KAW, Dkt. No. 1.) And just as in this action, Ramirez claimed to be married to Swift and sought reconciliation, control over Swift's assets, and the death penalty. (*Id.*) Lastly, the Court dismissed Plaintiff's complaint with prejudice because the factual allegations were plainly frivolous, (24-cv-02728KAW, Dkt. Nos. 8-10), constituting a final judgment on the merits, *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006).

For the reasons stated above, the Court RECOMMENDS the district judge dismiss this action with prejudice. If Plaintiff wishes to file an objection to these recommendations, he may do so within fourteen days of being served with a copy of this Report. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

**IT IS SO ORDERED**.

Dated: December 4, 2024



SALLIE KIM
United States Magistrate Judge